IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## 05 1 1 0 0 1 EFH

ROLLERBLADE USA CORP.,                )
                                      )
                 Plaintiff            )
                                      )
v.                                    )        C.A. No.
                                      )
INCHWORM, INC.,                       )
                  MAGISTRATE JUDGE MBB
                 Defendant.           )
                                      )

RECEIPT # _____
AMOUNT $2 50
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. T.O.M
DATE 5 11 05

### COMPLAINT FOR DECLARATORY JUDGMENT

This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that U.S.

Patent No. 6,883,254, U.S. Patent No. 6,817,116, U.S. Patent No. 6,807,754, U.S. Patent No.

6,574,888, and U.S. Patent No. 6,438,872 (collectively, "the Inchworm Patents") are invalid,

unenforceable, and/or not infringed by plaintiff Rollerblade USA Corp. ("Rollerblade").

### I. The Parties

1.     Rollerblade is a New Jersey corporation with its principal place of business at

3705 Quakerbridge Road, Hamilton, New Jersey.  Rollerblade designs, manufactures, and

markets in-line roller skates and related products.

2.     Defendant Inchworm, Inc. ("Inchworm") is, on information and belief, a

Massachusetts corporation with its principal place of business at 850 Albany Street, Boston,

Massachusetts.

3.     Inchworm is, on information and belief, affiliated with Harry Miller Co., Inc.,

which, like Inchworm, has its principal place of business at 850 Albany Street, Boston,

Massachusetts.

## II. The Inchworm Patents

4.      Mr. Harry Miller is named as an inventor on each of the Inchworm Patents. According to the information provided on the Inchworm Patents, Mr. Miller is a resident of Weston, Massachusetts.

5.      Each of the Inchworm Patents is entitled "Expandable Shoe and Shoe Assemblies" and the claims of all of the Inchworm Patents relate to size-adjustable shoes.

6.      All of the Inchworm patents are "related" to each other, i.e., they all claim priority from the same patent application.

7.      On information and belief, Inchworm is currently the owner of all right, title, and interest in the Inchworm patents.

## III. Jurisdiction and Venue

8.      This Court has subject matter jurisdiction in that this action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, and thus presents a federal question under 28 U.S.C. § 1331 and one in which exclusive jurisdiction exists in federal court under 28 U.S.C. § 1338. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount of controversy exceeds $75,000, exclusive of interest and costs.

9.      This Court has personal jurisdiction over Inchworm, Inc. pursuant to Mass. G.L. c. 223A, § 3.

10.     Venue is proper in this judicial district under to 28 U.S.C. § 1391(b) and (c).

## IV. Background

11.     On information and belief, Inchworm transacts and does business in the Commonwealth of Massachusetts, including selling goods and services related to the subject matter of the Inchworm Patents.

12.     Inchworm has threatened Rollerblade with litigation of the alleged infringement of at least three of the Inchworm patents.

13.     On or about November 5, 2004, Inchworm sent a letter to Rollerblade's parent company, specifically alleging that Rollerblade infringes U.S. Patent No. 6,438,872 and U.S. Patent No. 6,574,888. The letter contends that "Rollerblade USA is making and offering for sale size-adjustable in-line skates that infringe Inchworm's US Patents Nos. 6,438,872 and 6,574,888."

14.     The parties have had subsequent contacts in which Rollerblade has denied infringement of the Inchworm patents and Inchworm has maintained its position that Rollerblade is infringing at least certain Inchworm patents. For example, on February 1, 2005, Inchworm sent a letter to Rollerblade's counsel, specifically alleging infringement of U.S. Patent No. 6,438,872, U.S. Patent No. 6,574,888, and U.S. Patent No. 6,817,116.

15.     On or about April 22, 2005, Inchworm filed a complaint in the U.S. District Court for the Western District of Washington, alleging that entities identified as "Rollerblade, Inc." and "Nordica S.p.A." infringe three of the Inchworm Patents (U.S. Patent No. 6,438,872, U.S. Patent No. 6,574,888, and U.S. Patent No. 6,817,116).

16.     On April 25, 2005, U.S. Patent No. 6,883,254 issued.

17.     Rollerblade has a reasonable apprehension that Inchworm will file suit against Rollerblade (*i.e.*, "Rollerblade USA Corp.") for infringement of the Inchworm Patents.

- 3 -

18.     Rollerblade has a reasonable apprehension that Inchworm will amend the complaint filed in the Western District of Washington to name Rollerblade (*i.e.*, "Rollerblade USA Corp.") as a defendant.

19.     Rollerblade has a reasonable apprehension that Inchworm will file suit against Rollerblade, alleging infringement of U.S. Patent No. 6,883,254, and U.S. Patent No. 6,807,754, which were not identified in the complaint that Inchworm filed against "Rollerblade Inc." and "Nordica S.p.A." in the Western District of Washington.

20.     An actual controversy exists between the parties with respect to the validity, enforceability and infringement of each of the Inchworm Patents.

21.     Rollerblade's products and services do not infringe any claim of the Inchworm Patents.

22.     The Inchworm Patents are invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101, *et seq*.

23.     When prosecuting the Inchworm Patents, Inchworm and the inventors misled the United States Patent and Trademark Office (the "PTO") and failed to disclose material information to the PTO, including but not limited to Inchworm's failure to disclose the prior art reference U.S. Patent No. 5,678,833 and U.S. Patent No. 5,913,526, both entitled "Adjustable Fit In-Line Skate." Inchworm failed to disclose material information with the intent of deceiving the PTO.

24.     Each of the Inchworm Patents is unenforceable because Inchworm committed inequitable conduct in procuring the Inchworm Patents.

**Count I**
**Declaratory Judgment of Noninfringement**
**(U.S. Patent No. 6,883,254)**

25. Rollerblade incorporates the allegations of the preceding paragraphs as if fully set

forth herein.

26. No Rollerblade product or service infringes U.S. Patent No. 6,883,254.

27. An actual and justiciable controversy exists between Rollerblade and Inchworm

concerning infringement of U.S. Patent No. 6,883,254.

28. Rollerblade is entitled to a declaration that U.S. Patent No. 6,883,254 is not

infringed by any Rollerblade product or service.

**Count II**
**Declaratory Judgment of Invalidity**
**(U.S. Patent No. 6,883,254)**

29. Rollerblade incorporates the allegations of the preceding paragraphs as if fully set

forth herein.

30. U.S. Patent No. 6,883,254 is invalid under 35 U.S.C. §§ 101 *et seq*.

31. An actual and justiciable controversy exists between Rollerblade and Inchworm

concerning the validity of U.S. Patent No. 6,883,254.

32. Rollerblade is entitled to a declaration that U.S. Patent No. 6,883,254 is invalid.

**Count III**
**Declaratory Judgment of Unenforceability**
**(U.S. Patent No. 6,883,254)**

33. Rollerblade incorporates the allegations of the preceding paragraphs as if fully set

forth herein.

34. When prosecuting the 6,883,254 patent, Inchworm and the inventors misled the

United States Patent and Trademark Office (the "PTO") and failed to disclose material

- 5 -

information to the PTO, including but not limited to Inchworm's failure to disclose the prior art references U.S. Patent No. 5,678,833 and U.S. Patent No. 5,913,526, both entitled "Adjustable Fit In-Line Skate."

35.    Inchworm knew of such information during prosecution of this patent.

36.    Inchworm's failure to disclose such material information was with the intent of deceiving the PTO.

37.    An actual and justiciable controversy exists between Rollerblade and Inchworm concerning the enforceability of U.S. Patent No. 6,883,254.

38.    Rollerblade is entitled to a declaration that U.S. Patent No. 6,883,254 is unenforceable.

## Count IV
## Declaratory Judgment of Noninfringement
## (U.S. Patent No. 6,817,116)

39.    Rollerblade incorporates the allegations of the preceding paragraphs as if fully set forth herein.

40.    No Rollerblade product or service infringes U.S. Patent No. 6,817,116.

41.    An actual and justiciable controversy exists between Rollerblade and Inchworm concerning infringement of U.S. Patent No. 6,817,116.

42.    Rollerblade is entitled to a declaration that U.S. Patent No. 6,817,116 is not infringed by any Rollerblade product or service.

## Count V
## Declaratory Judgment of Invalidity
## (U.S. Patent No. 6,817,116)

43.    Rollerblade incorporates the allegations of the preceding paragraphs as if fully set forth herein.

44.     U.S. Patent No. 6,817,116 is invalid under 35 U.S.C. §§ 101 *et seq*.

45.     An actual and justiciable controversy exists between Rollerblade and Inchworm

concerning the validity of U.S. Patent No. 6,817,116.

46.     Rollerblade is entitled to a declaration that U.S. Patent No. 6,817,116 is invalid.

## Count VI
### Declaratory Judgment of Unenforceability
### (U.S. Patent No. 6,817,116)

47.     Rollerblade incorporates the allegations of the preceding paragraphs as if fully set

forth herein.

48.     When prosecuting the 6,817,116 patent, Inchworm and the inventors misled the

United States Patent and Trademark Office (the "PTO") and failed to disclose material

information to the PTO, including but not limited to Inchworm's failure to disclose the prior art

references U.S. Patent No. 5,678,833 and U.S. Patent No. 5,913,526, both entitled "Adjustable

Fit In-Line Skate."

49.     Inchworm knew of such information during prosecution of this patent.

50.     Inchworm's failure to disclose such material information was with the intent of

deceiving the PTO.

51.     An actual and justiciable controversy exists between Rollerblade and Inchworm

concerning the enforceability of U.S. Patent No. 6,817,116.

52.     Rollerblade is entitled to a declaration that U.S. Patent No. 6,817,116 is

unenforceable.

## Count VII
## Declaratory Judgment of Noninfringement
## (U.S. Patent No. 6,807,754)

53.     Rollerblade incorporates the allegations of the preceding paragraphs as if fully set

forth herein.

54.     No Rollerblade product or service infringes U.S. Patent No. 6,807,754.

55.     An actual and justiciable controversy exists between Rollerblade and Inchworm

concerning infringement of U.S. Patent No. 6,807,754.

56.     Rollerblade is entitled to a declaration that U.S. Patent No. 6,807,754 is not

infringed by any Rollerblade product or service.

## Count VIII
## Declaratory Judgment of Invalidity
## (U.S. Patent No. 6,807,754)

57.     Rollerblade incorporates the allegations of the preceding paragraphs as if fully set

forth herein.

58.     U.S. Patent No. 6,807,754 is invalid under 35 U.S.C. §§ 101 *et seq*.

59.     An actual and justiciable controversy exists between Rollerblade and Inchworm

concerning the validity of U.S. Patent No. 6,807,754.

60.     Rollerblade is entitled to a declaration that U.S. Patent No. 6,807,754 is invalid.

## Count IX
## Declaratory Judgment of Unenforceability
## (U.S. Patent No. 6,807,754)

61.     Rollerblade incorporates the allegations of the preceding paragraphs as if fully set

forth herein.

62.     When prosecuting the 6,807,754 patent, Inchworm and the inventors misled the

United States Patent and Trademark Office (the "PTO") and failed to disclose material

information to the PTO, including but not limited to Inchworm's failure to disclose the prior art references U.S. Patent No. 5,678,833 and U.S. Patent No. 5,913,526, both entitled "Adjustable Fit In-Line Skate."

63.    Inchworm knew of such information during prosecution of this patent.

64.    Inchworm's failure to disclose such material information was with the intent of deceiving the PTO.

65.    An actual and justiciable controversy exists between Rollerblade and Inchworm concerning the enforceability of U.S. Patent No. 6,807,754.

66.    Rollerblade is entitled to a declaration that U.S. Patent No. 6,807,754 is unenforceable.

## Count X
## Declaratory Judgment of Noninfringement
## (U.S. Patent No. 6,574,888)

67.    Rollerblade incorporates the allegations of the preceding paragraphs as if fully set forth herein.

68.    No Rollerblade product or service infringes U.S. Patent No. 6,574,888.

69.    An actual and justiciable controversy exists between Rollerblade and Inchworm concerning infringement of U.S. Patent No. 6,574,888.

70.    Rollerblade is entitled to a declaration that U.S. Patent No. 6,574,888 is not infringed by any Rollerblade product or service.

## Count XI
## Declaratory Judgment of Invalidity
## (U.S. Patent No. 6,574,888)

71.     Rollerblade incorporates the allegations of the preceding paragraphs as if fully set

forth herein.

72.     U.S. Patent No. 6,574,888 is invalid under 35 U.S.C. §§ 101 *et seq*.

73.     An actual and justiciable controversy exists between Rollerblade and Inchworm

concerning the validity of U.S. Patent No. 6,574,888.

74.     Rollerblade is entitled to a declaration that U.S. Patent No. 6,574,888 is invalid.

## Count XII
## Declaratory Judgment of Unenforceability
## (U.S. Patent No. 6,574,888)

75.     Rollerblade incorporates the allegations of the preceding paragraphs as if fully set

forth herein.

76.     When prosecuting the 6,574,888 patent, Inchworm and the inventors misled the

United States Patent and Trademark Office (the "PTO") and failed to disclose material

information to the PTO, including but not limited to Inchworm's failure to disclose the prior art

references U.S. Patent No. 5,678,833 and U.S. Patent No. 5,913,526, entitled "Adjustable Fit In-

Line Skate."

77.     Inchworm knew of such information during prosecution of this patent.

78.     Inchworm's failure to disclose such material information was with the intent of

deceiving the PTO.

79.     An actual and justiciable controversy exists between Rollerblade and Inchworm

concerning the enforceability of U.S. Patent No. 6,574,888.

80.     Rollerblade is entitled to a declaration that U.S. Patent No. 6,574,888 is

unenforceable.

## Count XIII
## Declaratory Judgment of Noninfringement
## (U.S. Patent No. 6,438,872)

81.     Rollerblade incorporates the allegations of the preceding paragraphs as if fully set

forth herein.

82.     No Rollerblade product or service infringes U.S. Patent No. 6,438,872.

83.     An actual and justiciable controversy exists between Rollerblade and Inchworm

concerning infringement of U.S. Patent No. 6,438,872.

84.     Rollerblade is entitled to a declaration that U.S. Patent No. 6,438,872 is not

infringed by any Rollerblade product or service.

## Count XIV
## Declaratory Judgment of Invalidity
## (U.S. Patent No. 6,438,872)

85.     Rollerblade incorporates the allegations of the preceding paragraphs as if fully set

forth herein.

86.     U.S. Patent No. 6,438,872 is invalid under 35 U.S.C. §§ 101 *et seq*.

87.     An actual and justiciable controversy exists between Rollerblade and Inchworm

concerning the validity of U.S. Patent No. 6,438,872.

88.     Rollerblade is entitled to a declaration that U.S. Patent No. 6,438,872 is invalid.

## Count XV
## Declaratory Judgment of Unenforceability
## (U.S. Patent No. 6,438,872)

89.     Rollerblade incorporates the allegations of the preceding paragraphs as if fully set

forth herein.

90.     When prosecuting the 6,438,872 patent, Inchworm and the inventors misled the

United States Patent and Trademark Office (the "PTO") and failed to disclose material

- 12 -

information to the PTO, including but not limited to Inchworm's failure to disclose the prior art references U.S. Patent No. 5,678,833 and U.S. Patent No. 5,913,526, both entitled "Adjustable Fit In-Line Skate."

91.     Inchworm knew of such information during prosecution of this patent.

92.     Inchworm's failure to disclose such material information was with the intent of deceiving the PTO.

93.     An actual and justiciable controversy exists between Rollerblade and Inchworm concerning the enforceability of U.S. Patent No. 6,438,872.

94.     Rollerblade is entitled to a declaration that U.S. Patent No. 6,438,872 is unenforceable.

## **Request for Relief**

WHEREFORE, Rollerblade respectfully requests that this Court:

1.     declare that none of Inchworm Patents is infringed (1) by any product made, used, imported, offered for sale, or sold by Rollerblade or (2) by any service performed by or on behalf of Rollerblade, or offered for sale or sold by Rollerblade;

2.     declare that each of the Inchworm Patents is invalid

3.     declare that each of the Inchworm Patents is unenforceable;

4.     enter judgment in favor of Rollerblade on each of its claims;

5.     award Rollerblade its attorneys' fees and costs in this action; and

6.    grant to Rollerblade such further relief as is just and warranted under the

circumstances.

ROLLERBLADE USA CORP.

By its attorneys,

Dated: May 13, 2005

Matthew B. Lowrie, BBO No. 563,414
Robert J. Silverman, BBO No. 633,164
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street, 11th Floor
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)___ROLLERBLADE USA CORP. V. INCHWORM, INC._____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ✓ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| ✓ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| | | 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. |
| ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

*(handwritten diagonal stamp: 05 11001 EFH)*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐    NO ✓

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ✓    NO ✓

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ✓    NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

    Eastern Division ✓    Central Division ☐    Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Matthew B. Lowrie, Esq._____

ADDRESS ___One Main Street, Cambridge, MA 02142_____

TELEPHONE NO. ___(617) 395-7000_____

(CategoryForm.wpd - 5/2/05)

✎JS 44   (Rev. 3/99)                              **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ROLLERBLADE USA CORP.

**(b)** County of Residence of First Listed Plaintiff   **MERCER**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Matthew B. Lowrie, Esq.
Lowrie, Lando & Anastasi, LLP
One Main Street, Cambridge, MA 02142

## DEFENDANTS

INCHWORM, INC.

County of Residence of First Listed Defendant  **SUFFOLK**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

■ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ■ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | or Defendant) | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

■ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Declaratory Judgment under 28 U.S.C. Sections 2201 and 2202.

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ■ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):
JUDGE _____

DOCKET NUMBER _____

DATE   May __, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____