IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROLLERBLADE USA CORP., | Civil Action No. 05-11001 EFH |
| Plaintiff, | |
| v. | |
| INCHWORM, INC., | |
| Defendant. | |

## INCHWORM'S ANSWER AND COUNTERCLAIM

Defendant Inchworm, Inc. ("Inchworm") answers Rollerblade USA Corp.'s ("Rollerblade") Complaint as follows. Each number paragraph of the Answer corresponds to the same numbered paragraph in the complaint.

### THE PARTIES

1. Inchworm admits paragraph 1 of Rollerblade's Complaint.

2. Inchworm admits its principal place of business is at 850 Albany Street, Boston Massachusetts, but clarifies that it is a Delaware corporation.

3. Inchworm denies any legal affiliation with Harry Miller Co., Inc.

### THE INCHWORM PATENTS

4. Inchworm admits paragraph 4 of Rollerblade's Complaint.

5. Inchworm admits only that each of the Patents is entitled "Expandable Shoe and Assemblies" and that the claims speak for themselves.

6. Inchworm admits only that each of the patents claims priority from the same original patent application, but denies any inferences drawn from that fact.

7. Inchworm admits paragraph 7 of Rollerblade's Complaint.

### JURISDICTION AND VENUE

8. Inchworm admits paragraph 8 of Rollerblade's Complaint.

9. Inchworm admits paragraph 9 of Rollerblade's Complaint.

10.        Inchworm admits paragraph 10 of Rollerblade's Complaint.

BACKGROUND

11.        Inchworm admits paragraph 11 of Rollerblade's Complaint.

12.        Inchworm admits paragraph 12 of Rollerblade's Complaint.

13.        Inchworm admits paragraph 13 of Rollerblade's Complaint.

14.        Inchworm admits paragraph 14 of Rollerblade's Complaint.

15.        Inchworm admits paragraph 15 of Rollerblade's Complaint.

16.        Inchworm admits paragraph 16 of Rollerblade's Complaint.

17.        Inchworm admits that it has previously filed a patent infringement suit specifically alleging infringement of three patents entitled "Expandable Shoe and Shoe Assemblies," including U.S. Patent No. 6,438,872, U.S. Patent No. 6,574,888, and U.S. Patent No. 6,817,116.

18.        Inchworm admits paragraph 18 of Rollerblade's Complaint.

19.        Inchworm admits paragraph 19 as to U.S. Patent No. 6,883,254, but is without sufficient information to admit or deny the allegations as to U.S. Patent No. 6,807,754.

20.        Inchworm admits that an actual controversy exists between the parties with respect to the validity, enforceability, and infringement of U.S. Patent No. 6,438,872, U.S. Patent No. 6,574,888, U.S. Patent No. 6,817,116, and U.S. Patent No. 6,883,254, but denies an actual controversy exists between the parties with respect to the validity, enforceability, and infringement of U.S. Patent No. 6,807,754.

21.        Denied.

22.        Inchworm denies paragraph 22 of Rollerblade's Complaint.

23.        Inchworm denies paragraph 23 of Rollerblade's Complaint.

24.        Inchworm denies paragraph 24 of Rollerblade's Complaint.

**COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT (US PATENT NO. 6,883,254)**

25.        Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

26.      Inchworm denies paragraph 26 of Rollerblade's Complaint.

27.      Inchworm admits paragraph 27 of Rollerblade's Complaint.

28.      Inchworm denies paragraph 28 of Rollerblade's Complaint.

**COUNT II: DECLARATORY JUDGMENT OF INVALIDITY (US PATENT NO. 6,883,254)**

29.      Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

30.      Inchworm denies paragraph 30 of Rollerblade's Complaint.

31.      Inchworm admits paragraph 31 of Rollerblade's Complaint.

32.      Inchworm denies paragraph 32 of Rollerblade's Complaint.

**COUNT III: DECLARATORY JUDGMENT OF UNENFORCEABILITY (US PATENT NO. 6,883,254)**

33.      Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

34.      Inchworm denies paragraph 34 of Rollerblade's Complaint.

35.      Inchworm denies paragraph 35 of Rollerblade's Complaint.

36.      Inchworm denies paragraph 36 of Rollerblade's Complaint.

37.      Inchworm admits paragraph 37 of Rollerblade's Complaint.

38.      Inchworm denies paragraph 38 of Rollerblade's Complaint.

**COUNT IV: DECLARATORY JUDGMENT OF NONINFRINGEMENT (US PATENT NO. 6,817,116)**

39.      Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

40.      Inchworm denies paragraph 40 of Rollerblade's Complaint.

41.      Inchworm admits paragraph 41 of Rollerblade's Complaint.

42.      Inchworm denies paragraph 42 of Rollerblade's Complaint.

**COUNT V: DECLARATORY JUDGMENT OF INVALIDITY (US PATENT NO. 6,817,116)**

43.      Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

44.      Inchworm denies paragraph 44 of Rollerblade's Complaint.

45.      Inchworm admits paragraph 45 of Rollerblade's Complaint.

46.      Inchworm denies paragraph 46 of Rollerblade's Complaint.

**COUNT VI: DECLARATORY JUDGMENT OF UNENFORCEABILITY (US PATENT NO. 6,817,116)**

47.      Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

48.      Inchworm denies paragraph 48 of Rollerblade's Complaint.

49.      Inchworm denies paragraph 49 of Rollerblade's Complaint.

50.      Inchworm denies paragraph 50 of Rollerblade's Complaint.

51.      Inchworm admits paragraph 51 of Rollerblade's Complaint.

52.      Inchworm denies paragraph 52 of Rollerblade's Complaint.

**COUNT VII: DECLARATORY JUDGMENT OF NONINFRINGEMENT (US PATENT NO. 6,807,754)**

53.      Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

54.      Inchworm is without sufficient information to admit or deny the allegations in paragraph 54.

55.      Inchworm denies paragraph 55 of Rollerblade's Complaint.

56.      Inchworm denies paragraph 56 of Rollerblade's Complaint.

**COUNT VIII: DECLARATORY JUDGMENT OF INVALIDITY (US PATENT NO. 6,807,754)**

57.      Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

58.      Inchworm denies paragraph 58 of Rollerblade's Complaint.

59.      Inchworm denies paragraph 59 of Rollerblade's Complaint.

60.      Inchworm denies paragraph 60 of Rollerblade's Complaint.

**COUNT IX: DECLARATORY JUDGMENT OF UNENFORCEABILITY (US PATENT NO. 6,807,754)**

61.      Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

62.      Inchworm denies paragraph 62 of Rollerblade's Complaint.

63.       Inchworm denies paragraph 63 of Rollerblade's Complaint.

64.       Inchworm denies paragraph 64 of Rollerblade's Complaint.

65.       Inchworm denies paragraph 65 of Rollerblade's Complaint.

66.       Inchworm denies paragraph 66 of Rollerblade's Complaint.

**COUNT X: DECLARATORY JUDGMENT OF NONINFRINGEMENT (US PATENT NO. 6,574,888)**

67.       Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

68.       Inchworm denies paragraph 68 of Rollerblade's Complaint.

69.       Inchworm admits paragraph 69 of Rollerblade's Complaint.

70.       Inchworm denies paragraph 70 of Rollerblade's Complaint.

**COUNT XI: DECLARATORY JUDGMENT OF INVALIDITY (US PATENT NO. 6,574,888)**

71.       Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

72.       Inchworm denies paragraph 72 of Rollerblade's Complaint.

73.       Inchworm admits paragraph 73 of Rollerblade's Complaint.

74.       Inchworm denies paragraph 74 of Rollerblade's Complaint.

**COUNT XII: DECLARATORY JUDGMENT OF UNENFORCEABILITY (US PATENT NO. 6,574,888)**

75.       Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

76.       Inchworm denies paragraph 76 of Rollerblade's Complaint.

77.       Inchworm denies paragraph 77 of Rollerblade's Complaint.

78.       Inchworm denies paragraph 78 of Rollerblade's Complaint.

79.       Inchworm admits paragraph 79 of Rollerblade's Complaint.

80.       Inchworm denies paragraph 80 of Rollerblade's Complaint.

**COUNT XIII: DECLARATORY JUDGMENT OF NONINFRINGEMENT (US PATENT NO. 6,438,872)**

81.       Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

82.     Inchworm denies paragraph 82 of Rollerblade's Complaint.

83.     Inchworm admits paragraph 83 of Rollerblade's Complaint.

84.     Inchworm denies paragraph 84 of Rollerblade's Complaint.

**COUNT XIV: DECLARATORY JUDGMENT OF INVALIDITY (US PATENT NO. 6,438,872)**

85.     Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

86.     Inchworm denies paragraph 86 of Rollerblade's Complaint.

87.     Inchworm admits paragraph 87 of Rollerblade's Complaint.

88.     Inchworm denies paragraph 88 of Rollerblade's Complaint.

**COUNT XV: DECLARATORY JUDGMENT OF UNENFORCEABILITY (US PATENT NO. 6,438,872)**

89.     Inchworm hereby incorporates and re-alleges the preceding paragraphs as fully set forth herein.

90.     Inchworm denies paragraph 90 of Rollerblade's Complaint.

91.     Inchworm denies paragraph 91 of Rollerblade's Complaint.

92.     Inchworm denies paragraph 92 of Rollerblade's Complaint.

93.     Inchworm admits paragraph 93 of Rollerblade's Complaint.

94.     Inchworm denies paragraph 94 of Rollerblade's Complaint.

**INCHWORM'S COUNTERCLAIM**

Inchworm hereby counterclaims as follows against Rollerblade:

**PARTIES**

1.     Inchworm is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 850 Albany Street, Boston, Massachusetts 02119.

2.     Upon information and belief, Rollerblade USA Corp. is a New Jersey corporation having a principal place of business at 3705 Quakerbridge Road, Hamilton, New Jersey.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, particularly including 35 U.S.C. § 271 and § 281.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 (a).

4.      Rollerblade has made and imported in-line skates that are intentionally and knowingly distributed broadly across the United States, including this judicial district.  Upon information and belief, the infringing skates are offered for sale and sold at retail outlets in the Boston area.  Accordingly, personal jurisdiction over Rollerblade is proper in this Court.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) and (c).  Venue is therefore proper pursuant to 28 U.S.C. § 1400.

## INCHWORM'S PATENT RIGHTS

6.      Inchworm owns a patent entitled "Expandable Shoe and Shoe Assemblies," U.S. Patent No. 6,883,254 ("the '254 patent").  Inchworm is the assignee of the '254 patent. Accordingly, Inchworm owns the full right, title, and interest in the '254 patent, including the right to assert the claims and causes of action involved in this complaint.

## COUNT 1:  PATENT INFRINGEMENT

7.      Rollerblade has made, imported, offered for sale, and sold in-line skates in the United States that infringe one or more claims of each of the 254 patent.

8.      The importation, offer for sale, and sale of infringing in-line skates has not been under license or authority from Inchworm.

9.      The activities of Rollerblade constitutes direct and contributory infringement pursuant to 35 U.S.C. § 271.

10.      As a direct result of the above infringement of the '254 patent, Inchworm has suffered, and will continue to suffer, damages in an amount to be established at trial.  In addition, Inchworm has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law.

11.    Upon information and belief, Rollerblade had actual knowledge of the '254 patent while engaging in its infringing activity and prior to the filing of this counterclaim.  Despite actual knowledge of the '254 patent, Rollerblade has continued to offer for sale and sell infringing in-line skates in the United States and the state of Washington.  The infringement is therefore deliberate and willful and will continue unless enjoined by this Court.

### PRAYER FOR RELIEF

Inchworm requests the following alternative and cumulative relief:

1.    Preliminary and permanent injunctions against the continued sale of all in-line skates that infringe the '254 patent;

2.    An award of damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use of the invention;

3.    An award of treble damages pursuant to 35 U.S.C. § 284;

4.    An award of reasonable attorneys' fees;

5.    An assessment of prejudgment interest and costs; and

6.    Such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Inchworm demands a jury trial on all issues triable by jury.


DATED this 18th day of November, 2005.

INCHWORM, INC.,
BY ITS ATTORNEYS,

/s/ Robert N. Feldman
Robert N. Feldman (BBO#630734)
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210
P: 617.307.6100
F: 617.307.6101

Lawrence D. Graham, WSBA No. 25,402
Douglas A. Grady, WSBA No. 36,100
BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA  98104
P:  206.381.3300
F:  206.381.3301

**CERTIFICATE OF SERVICE**

I certify that on November 18, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Matthew B. Lowrie
  mlowrie@ll-a.com
Robert J Silverman
  rsilverman@ll-a.com
LOWRIE LANDO & ANASTASI LLP
Riverfront Office Park
One Main Street
Cambridge, Massachusetts 02142
P: 617.395.7000
F: 617.395.7070

DATED this 18th day of November, 2005.

/s/ Robert N. Feldman