IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROLLERBLADE USA CORP., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action. No. 05-cv-11001 (EFH) |
| ) | |
| INCHWORM, INC., ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| INCHWORM, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action. No. 05-cv-11905 (EFH) |
| ) | |
| ROLLERBLADE USA CORP. ) | |
| ) | |
| Defendant. ) | |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1**

The above-entitled actions concern the parties' opposing claims regarding the infringement, validity, and enforceability of certain United States patents, each of which is entitled "Expandable Shoe and Shoe Assemblies." The parties -- Rollerblade USA Corp ("Rollerblade") and Inchworm, Inc. ("Inchworm") -- submit this Joint Statement concerning both cases, pursuant to the Court's Notices of Scheduling Conference dated October 25, 2005.

**I.     Statement Pursuant to Local Rule 16.1(b)**

Counsel for the parties have conferred, pursuant to Fed. R. Civ. P. 16.1(b) and L.R. 16.1, for the purpose of (1) preparing an agenda of matters to be discussed at the scheduling

conference; (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery; and (3) considering whether they will consent to trial by magistrate judge.

## II.    Statement Pursuant to Local Rule 16.1(c)

Each party has presented settlement proposals to the respective opposing party prior to the date set forth in Local Rule 16.1(c).

## III.    Statement Pursuant to Local Rule 16.1(d)

### A.    Consolidation of the Cases

The parties agree that the captioned matters would be most efficiently resolved if consolidated pursuant to Fed. R. Civ. P. 42(a), and the parties respectfully request such consolidation.

### B.    Phased Discovery/Bifurcation

Rollerblade requests that the Court bifurcate the matter for discovery and trial, pursuant to Fed. R. Civ. P. 42(b), so that all issues of Rollerblade's liability for any alleged patent infringement would be resolved, prior to discovery and trial (if necessary) on the questions of the amount of damages claimed and Rollerblade's alleged "willful" infringement.  However, in order to facilitate settlement discussions, Rollerblade would consent to providing summary sales information during the liability discovery phase.  Rollerblade submits that such bifurcation would substantially simplify the issues to be considered by a jury in each of the separate liability and damages phases and would forestall the disclosure of attorney-client privileged communications to be used in defending claims of willful patent infringement.  The proposed bifurcation would also make efficient use of the Court's and the parties' resources.  Indeed, dispositive motions or a trial on liability issues may resolve the dispute in its entirety.  Even if

the question of damages were to remain, however, the proposed bifurcation would nevertheless foster settlement at that juncture, without the need for further discovery or trial proceedings.

Inchworm opposes Rollerblade's requested bifurcation, and believes that it would unnecessarily increase the length and expense involved in resolving this action.  Inchworm believes that bifurcation virtually ensures that the parties would proceed to trial on liability issues before a settlement is possible.  In addition, separating discovery is a significant waste of resources.  Without bifurcation, depositions and written discovery requests can address all issues at once.  If the case is bifurcated, the discovery efforts will be duplicated, with expenses increased accordingly.  Early discovery into questions of willful infringement can also facilitate settlement because that can be a significant monetary issue.  Bifurcation stalls settlement because the plaintiff will want to evaluate questions of willfulness and all aspects of damages before reaching a settlement.

### C.     Mediation

The parties shall determine whether the case may be resolved by alternative dispute resolution on or before February 1, 2007.

### D.     Limitations on Discovery

The parties believe that the discovery permitted by Local Rule 26.1(c) is sufficient, except that the parties jointly request that there shall be no limit to the number of sets of requests for production of documents.

### E.     Proposed Pretrial Schedule

The parties have conferred through counsel and have agreed to the following proposed schedule.  (If the case were bifurcated, as requested by Rollerblade, the following dates would apply to the liability phase only.)

| | |
|---|---|
| January 27, 2006 | Deadline for initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). |
| May 30, 2006 | Deadline to amend pleadings and join additional parties. |
| September 1, 2006 | All fact discovery to be concluded. |
| October 2, 2006 | All expert reports pursuant to Fed. R. Civ. P. 26(a)(2), on which respective parties have the burden of proof, shall be exchanged. |
| November 20, 2006 | All rebuttal reports, if any, shall be exchanged. |
| January 19, 2007 | All expert discovery shall be completed. |
| February 16, 2007 | Deadline for the filing of case-dispositive motions and opening Markman claim construction briefing. |

The parties request an oral hearing on case-dispositive motions and claim construction issues. Following the Court's resolution of claim construction issues, the parties also request an opportunity for presenting motions in limine.

### F. Certifications Pursuant to Local Rule 16.1(d)(3)

Each party has conferred with its counsel (a) with a view to establishing a budget for the costs of conducting the full course -- and various alternative courses -- of the litigation and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

### G. Trial by Magistrate Judge

The parties do not consent to trial by magistrate judge.

## IV. Other Matters

### A. Protective Order

The parties anticipate submitting a motion for protective order, concerning confidential information that may be produced during the litigation.

B.  **Service by E-mail**

The parties agree to accept service by e-mail under Fed. R. Civ. P. 5(b)(2)(D).

Service by e-mail to Rollerblade shall be made upon emailservice@LL-A.com.

Service by e-mail to Inchworm shall be made upon Feldman@birnbaumgodkin.com, graham@blacklaw.com, and grady@blacklaw.com.

C.  **Motions to File Papers Under Seal**

The parties agree not to oppose motions to file papers under seal.  However, such agreement does not constitute agreement that any papers filed under seal are, in fact, confidential.

Dated:  January 9, 2006

| INCHWORM, INC. | ROLLERBLADE USA CORP. |
|---|---|
| By its attorneys, | By its attorneys, |
| /s/ Robert N. Feldman | /s/ Emily A. Berger |
| Robert N. Feldman, BBO 630,734 | Matthew B. Lowrie, BBO No. 563,414 |
| BIRNBAUM & GODKIN, LLP | Robert J. Silverman, BBO No. 633,164 |
| 280 Summer Street | Emily A. Berger, BBO No. 650,841 |
| Boston, MA 02210 | LOWRIE, LANDO & ANASTASI, LLP |
| Tel:  617-307-6100 | Riverfront Office Park |
| Fax:  617-307-6101 | One Main Street, 11th Floor |
|  | Cambridge, MA 02142 |
|  | Tel: 617-395-7000 |
|  | Fax: 617-395-7070 |